**Declaration of Randall R. Rader**

I, Randall R. Rader, declare as follows:

1.    I am an attorney licensed to practice law in the District of Columbia. I am the former Chief Judge of the Court of Appeals for the Federal Circuit. I am the founder and a principal of The Rader Group PLLC, located at 1940 Duke Street, Suite 3031, Alexandria, Virginia. I am 71 years of age and reside in Springfield, Virginia.

Qualifications

2.    From 1975 to 1980, I served as Counsel in the House of Representatives for representatives serving on the Interior, Appropriations, and Ways and Means Committees. Additionally, in the 1980s, I served as Minority and Majority Chief Counsel to Subcommittees of the U.S. Senate Committee on the Judiciary.

3.    I served as Chief Judge of the United States Court of Appeals for the Federal Circuit from 2010 to 2014. Before that I served as a Circuit Judge on that same court from 1990 to 2010.   During that period, I ruled on numerous patent appeals from the District Courts, the Court of Federal Claims, and the U.S. International Trade Commission, authoring hundreds of precedential written opinions. Pursuant to a special designation, I also presided as a District Court Judge over patent infringement cases in the Northern District of Illinois, the Northern District of New York, the Eastern District of New York, and the Eastern District of Texas.

4.    The United States Court of Appeals for the Federal Circuit is a United States courts of appeals headquartered in Washington D.C. The Federal Circuit is the only court of appeals with jurisdiction based on subject matter rather than geographic location. Its jurisdiction extends to all appeals on cases arising under patent laws. The Federal Circuit was formed by Congress in 1982 to ensure uniformity of decisions in patent law matters in view of the highly specialized nature of those laws. Accordingly, the decisions of the Federal Circuit on patent cases are binding precedent throughout the United States.

5.     One of the opinions, which I authored as Chief Judge of the Federal Circuit, was the *en banc* decision in *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276 (2011).  The decision concerned a patent applicant's duty to disclose "material information" to the Patent Office during the prosecution of its patent application. To this day, the *Therasense* opinion is regarded as a seminal Federal Circuit decision on the ethical and legal duties of patent lawyers. The significance of the *Therasense* decision was evident at the time and is reflected by the fact that, in addition to the briefs filed on behalf of the parties, the court accepted 33 amicus curiae briefs in the case.

6.     Prior to serving on the Federal Circuit, I was a federal trial judge on the United States Claims Court (later the Court of Federal Claims) (1988-1990). I was appointed to the United States Claims Court (now the U. S. Court of Federal Claims) by President Ronald Reagan in 1988. In my time at the Court of Federal Claims, from 1988 through 1990, I presided over trials in each of the Court's jurisdictions, including claims against the United States for patent infringement.

7.     The attached LEXIS search of trial court records shows 99 decisions that I authored during my time on the Federal Court of Claims and in those District Court cases over which I presided, sitting by special designation.

8.     I left the bench in 2014, and founded The Rader Group PLLC, focusing on arbitration, mediation, legal consulting and legal education services. I have presided over many arbitrations featuring patent law, including a major arbitration under ICC rules in Paris; conducted mediations to settle ongoing litigation; joined the law faculty at Tsinghua University (China); conducted full-credit courses at leading law schools in Washington, D.C., Charlottesville, Virginia, Seattle, Santa Clara, Bangkok, Seoul, Tokyo, Melbourne, and Munich; consulted with major corporations and law firms on IP policy and litigation; and advised foreign governments on international IP standards. I continue to advocate for improvements in innovation policy through speaking engagements worldwide.

9.     For over 25 years, I have been a thought leader in the field of patent law and jurisprudence. I have published extensively on patent law, including the leading case book (now in its 5th Edition) which I co-author with Prof. Martin J. Adelman Cases and Materials on Patent Law (Thomson/West, 2003) and  Patent

Law in a Nutshell (Thomson/West, 2008). I have spoken and presented at a very
large number of IP conferences worldwide. As an appellate judge, I led or
participated in over sixty delegations to foreign nations in Asia and Europe to teach
or discuss intellectual property concepts. I have also participated in several IP
seminars in Israel to the Israeli Judiciary. Since June 2013, I have taught courses
on U.S. patent law at Tsinghua Law School, sometimes called the "Harvard
University of China." I have also taught many basic and advanced patent law
courses for over thirty years at the George Washington University Law School.

10.   Attached is a list of my publications over the previous ten years.

11.   Attached is a list of other cases in which I testified as an expert at
deposition or at trial, during the previous four years

<u>Background of this Case</u>

12.   Unless otherwise stated, I have carefully reviewed the case materials
mentioned below and if called to testify as a witness, I could and would
competently testify and offer expert opinion on this record.

13.   It is my understanding that a district court of the Central District of
California issued an order setting aside a final judgment and permanent injunction
in the patent infringement action *Cap Export, LLC v. Zinus, Inc.*, 2:16-cv-00371
SVW (MRWx). In that order (Dkt. 295, "Order"), the Court discussed the due
diligence requirement of Fed. R. Civ. P. 60(b)(3), referring to it by the header "Due
Diligence."

14.   The Order does not set forth, prior to the Court's reaching its decision to
set aside its earlier judgment, any evidence in the form of an expert opinion
bearing on the meaning of the "due diligence" obligation for attorneys conducting
patent litigation before a District Court.

15.   I reiterate my extensive experience and understanding of patent law and its
practice in the Federal Courts of the United States after decades as a circuit judge
on the Court of Appeals for the Federal Circuit ("Federal Circuit") and then as the
Chief Judge of the Federal Circuit, and from my sitting by designation as a trial
judge presiding over patent infringement cases in various districts across the
United States, and also from my relationships and ongoing consultations with

accomplished members of the patent bar and law school academics in the field of patent law. Based on this experience, I possess what I believe to be an excellent understanding of the standard of care demanded of attorneys practicing patent law at the trial level.

16. In this Declaration, I submit evidence to the Court in the form of expert opinion. I believe this evidence bears on, and is highly relevant to, the question of whether the conduct of the attorneys representing Cap Export LLC satisfied the "due diligence" requirement of Rule 60(b)(3) sufficient to permit the final judgment and permanent injunction (Dkt. 243) to be set aside. I do not, however, submit my opinion about the specific attorneys in the matter before the Court, nor do I second-guess the decision made by the Court in the Order, but rather I submit evidence in the form of an expert opinion for consideration by the Court.

<u>Facts of the Case</u>

17. In the paragraphs below, I set forth my understanding of the facts of the case that form the factual basis for my opinion. Although some of these facts might still be in contention, the facts of the case set forth below are sufficient for me to consider the narrow issue of due diligence under Rule 60(b)(3).

18. Cap Export was accused of patent infringement and made a claim for declaratory judgment of invalidity. (ECF Dkt. 1)

19. A non-trivial amount is at stake in the lawsuit, considering that the patent owner Zinus received a judgment for $1.1 million. (ECF Dkt. 243) The lawsuit is not one which the parties were likely to have resolved without performing discovery to prepare their cases, considering the amount in dispute.

20. I observe that the lawsuit is in a district (the Central District of California) that does not have patent local rules, and that the presiding district judge (The Honorable Stephen V. Wilson) does not have a special standing order that sets forth the judge's own patent rules.

21. It is my understanding that documentary evidence of highly material anticipatory prior art is present in the files (on an email server) of Zinus.

22. An attorney for Cap Export took the deposition of Zinus' president, who

knew about that prior art. The Order setting aside the judgment (ECF Dkt. 295) finds that Zinus' president made "affirmative misrepresentations" by not revealing the existence of that prior art in his deposition.

23.   It is my understanding that Cap Export's attorneys never served a request for production of documents on Zinus to which the documentary evidence would have been responsive. Cap Export's attorneys did not serve a request for production of documents asking Zinus to turn over relevant prior art in Zinus' possession or control.

24.   According to the Order (ECF Dkt. 295), Cap Export's attorneys never served an interrogatory asking Zinus to identify relevant prior art of which Zinus was aware.

25.   It is my understanding that Cap Export's attorneys never took a Rule 30(b)(6) deposition of Zinus. Thus, Cap Export's attorneys did not take a Rule 30(b)(6) deposition of Zinus in which one "noticed matter" would have been all relevant prior art of which Zinus was aware.

26.   It is my understanding that Cap Export's attorneys never took a the deposition of the only listed inventor of the asserted patent and never served formal discovery seeking information from the inventor.

27.   According to the Order (ECF Dkt. 295), Cap Export's attorneys commissioned three prior art searches from multiple separate prior art search companies, but none of these searches revealed the prior art mentioned above.

28.   It is my understanding that the lawsuit proceeded all the way through the close of fact discovery, through the close of expert discovery, and then concluded with the Stipulated Final Judgment and Permanent Injunction that was signed by Cap Export, Abraham Amouyal, Zinus and the presiding district court judge. (ECF Dkt. 243) The consent judgment was entered as the final judgment in the case and ordered Cap Export and Abraham Amouyal to pay $1.1 million to Zinus and permanently enjoined Cap Export and Abraham Amouyal from further acts of infringement.

Opinion

29.   The conduct of Cap Export's attorneys was not sufficient to show a diligent performance of discovery and falls far below the standard of care required and demanded of attorneys practicing patent litigation before the Federal Courts of the United States. In my informed opinion, an attorney representing an accused infringer (where the infringer party has pled invalidity of the asserted patent) must serve formal discovery on the patent owner seeking from the patent owner all relevant prior art of which the patent owner is aware. To fail to serve such formal discovery is to demonstrate attorney conduct that falls well short of a minimal bar of attorney competence. Fundamental attorney competence requires the service of such formal discovery regardless of whether a particular witness (for example, the president of the patent owner Zinus) might testify inaccurately in a deposition, or might make deliberate affirmative misrepresentations in an effort to conceal prior art. The standard of care demanded of an attorney practicing patent litigation requires that the attorney serve proper discovery, including requests for production of documents under Rule 34, in every patent infringement case as an initial step of conducting discovery.

30.   Moreover, it is my opinion that the standard of care further required Cap Export's attorneys to use information obtained through earlier production of documents in a later follow-up deposition of the patent owner under Rule 30(b)(6) because the patent owner Zinus is a company. A Rule 30(b)(6) deposition is generally the most important deposition because it allows the deposing party to set forth "matters for examination" in the deposition notice, thereby imposing on the deponent party a well-known affirmative duty to investigate each noticed matter, and then to come to the deposition prepared to explain the results of the investigation, with the testimony being binding on the company party. A failure to use this discovery tool to search for evidence of prior art within a patent owner's knowledge or files is a serious lapse in attorney competence. It is difficult to imagine a reason why an attorney representing an accused infringer would not to ask the patent owner in a Rule 30(b)(6) deposition to divulge the results of a prior art search of its files and documents.

31.   The presumption of patent validity under 35 U.S.C. § 282 can be overcome only by clear and convincing evidence, such as evidence of prior art that

7

anticipates or makes obvious the invention claimed in the patent. *Technology Licensing Corp. v. Videotek Inc.*, 545 F.3d 1316, 1327 (Fed. Cir. 2008). There is a clear need for uniformity and certainty in the way district courts apply the due diligence requirement under Rule 60(b)(3) relating to the discovery of that prior art, so that similar hurdles for setting aside a patent infringement judgment are applied throughout the district courts. The minimum standard of due diligence under Rule 60(b)(3) for discovering prior art in a patent case should never fall below the standard of care demanded of all attorneys practicing patent litigation before the Federal Courts of the United States.

32.   Other than the few exceptions in the paragraphs that follow, I can think of no legitimate excuse for a failure to serve and conduct basic and fundamental discovery to learn of prior art in the patent owner's knowledge or possession.  This fundamental practice is a basic and undeniable part of a patent attorney's duty of care in a case expected to move to trial or other advanced stages.

33.   There are cases in which attorneys representing an accused infringer may file an answer and may counterclaim and/or plead an affirmative defense of invalidity, and yet may justifiably not serve formal discovery early in the case. A situation comes to mind in which the patent owner and the accused infringer have a prior course of dealing. There may be an understanding that it is highly likely that the case will settle early. In such cases, the accused infringer may even instruct its attorneys not to conduct discovery, but rather to keep attorney fees to a minimum in the early stages during which the parties are negotiating settlement. The patent owner may, for example, demand only a modest nuisance payment to settle, as may be recognized by the participants in the lawsuit from the outset of the case. I conclude that this possibility does not apply to Cap Export in this case.

34.   In addition to the early settlement/nuisance value suits mentioned in the paragraph above, I note that local patent case rules may require the patent owner to produce documents and to make certain disclosures, regardless of whether the accused infringer has served formal discovery requests seeking the information . For example, the United States District Court for the Northern District of California has Patent Local Rules, and Patent Local Rule 3-2 is entitled "Document Production Accompanying Disclosure". This Rule 3-2 requires "a party claiming

patent infringement" to produce to each opposing party or to make available for inspection and copying:

(a) Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, or any public use of, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

(b) All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to Patent L.R. 3-1(f), whichever is earlier;

The mandatory disclosure imposed by this local patent rule is to be made "not later than 14 days after the Initial Case Management Conference." In a district that has such Patent Local Rules, a party may supply the fundamental information called for without the need for the attorney representing an accused infringer to serve formal discovery requests seeking the prior art in the files of the patent owner. Similarly, the presiding trial judge may have standing orders that effectively impose disclosure obligations on the patent owner in similar fashion to the way Patent Local Rules might impose such an obligation. In a district that does not have Patent Local Rules, individual trial judges may adopt their own modified versions of the Patent Local Rules of other districts. If a presiding judge were to have such standing orders, the discovery obligations of attorneys representing an accused infringer might find a substitute in those rule obligations. In rendering my opinion, I considered that the Central District of California does not have Patent Local Rules, and Judge Stephen V. Wilson does not have standing orders that impose similar disclosure requirements on the patent owner.

<u>Basis and Reasons for Opinion</u>

35.   A party accused of infringing a patent by making, using, offering for sale, or selling a particular product typically asserts a number of defenses, almost always including the defense that the patent is invalid based on one or more of the statutory provisions in 35 U.S.C. §§ 101, 102, 103 and 112 and the defense that the product in question does not infringe the patent under 35 U.S.C. § 271.

36.   A party accused of infringing a patent may also raise the defense that the patent is unenforceable because of the patent applicant's inequitable conduct. In such a case, for example, the patent applicant's intentional failure to disclose "material information" to the Patent Office during the prosecution of the application may give rise to this defense.

37.   It is my experience as trial judge in patent infringement cases that attorneys representing a party accused of infringing a patent are especially aggressive in discovery in cases in which a large amount of money is at stake in the litigation.

38.   A party accused of infringing a patent almost always uses the discovery tools described in the Federal Rules of Civil Procedure. These tools include:

- oral deposition of fact and expert witnesses (Rule 30),

- interrogatories to the patent owner (Rule 33),

- requests for production of documents and things (Rule 34), and

- requests for admission by the patent owner (Rule 36).

39.   The first, second, and third discovery tools mentioned above are almost always used by the party accused of infringing a patent to identify prior art that might be a basis for asserting that the asserted patent is invalid under 35 U.S.C. § 102 as anticipated or §103 as obvious.

40.   There are many posts on the Internet that guide an attorney in the use of the discovery tools mentioned above, as well as scholarly texts, such as the treatise *Patent Litigation* listed below in the "Materials Reviewed" section. Senior attorneys make it a point to teach younger lawyers the proper conduct of discovery by searching for prior art, such as printed publication prior art, public use prior art,

and on-sale prior art. These skills are the basis of patent law litigation practices. One common and important form of prior art takes the form of a product or device that was either publicly used or offered for sale prior to the patent's effective filing date. This form of prior art under 35 U.S.C. § 102 sometimes avoids easy detection because it may not have been recorded in a printed publication or other form that is easily located on the Internet by a simple word search. Thus, in the context of the §102 on-sale bar, a patent attorney knows to seek such important prior art in the non-public files of the patentee.

41.   Section 4:2.3 "Discovery Objectives for an Accused Infringer" in the treatise *Patent Litigation*, identified below in the "Materials Reviewed" section, lists the topics that an attorney, who represents a party accused of infringing a patent, investigates through the discovery tools mentioned above, to develop the defenses mentioned above. The listed topics include:

- how the inventors were practicing the invention before the parent application was filed,

- any offers for sale or sales of the invention prior art to the filing date of the patent application,

- all prior art references,

- the patentee's knowledge of the prior art references, and

- all information regarding any product or method of the patentee which the patentee claims is covered by the claims at issue.

42.   It is my experience as a trial judge in patent infringement cases that the discovery phase of a patent infringement case is typically the most labor-intensive period in patent litigation and that attorneys representing a party accused of infringing a patent bear a substantial duty to pursue discovery in search of documents and information that might support the defenses mentioned above.

<u>My Work In This Case</u>

43.   The compensation to be paid for my study and testimony in this case is based on the hourly rates: $1,000.00 for me, $600.00 for my assistant Scott Daniels, and $100.00 for my assistant Jinrong Li.

## Materials Reviewed

44. To form my opinion as expressed above, I have considered the facts and data described in the following documents of record in *Cap Export, LLC v. Zinus, Inc. et al*, 2:16-cv-00371-SVW-MRW:

- Complaint for Declaratory Relief 28 U.S.C. §§ 2201 by Cap Export dated January 15, 2016 ( ECF Dkt. 1);

- Answer and Counterclaims by Zinus, Inc. dated February 13, 2016 (ECF Dkt. 11);

- Stipulated Final Judgment and Permanent Injunction, dated May 30, 2019 (ECF Dkt. 243);

- Cap Export, LLC and Abraham Amouyal's Notice of Motion and Motion to Set Aside the Judgments, or in the Alternative to Stay the Judgment and Reopen Discovery, dated September 29, 2019 (ECF Dkt. 249);

- Zinus, Inc.'s Opposition to Cap Export, LLC's and Abraham Amouyal's Motion to Set Aside the Judgment, or in the Alternative to Stay the Judgment and Reopen Discovery, dated October 7, 2019 (ECF Dkt. 255);

- Cap Export, LLC and Abraham Amouyal's Reply in Support of Motion to Set Aside the Judgments, or in the Alternative to Stay the Judgment and Reopen Discovery, dated October 14, 2019 (ECF Dkt. 256);

- Zinus, Inc.'s Brief in Response to the Court's Request to Explain: 1) Diligence under Rule 60, and 2) Patent Law, dated November 25, 2019 (ECF Dkt. 286);

- Cap Export, LLC and Abraham Amouyal's Supplemental Brief Per the Court's November 18, 2019 Order, dated November 25, 2019 (ECF Dkt. 287); and

- Order Granting Cap Export's Motion to Set Aside Judgment Pursuant to FRCP 60(b)(3), dated May 11, 2020 (ECF Dkt. 295).

- *Patent Litigation*, Section 4:2.3 "Discovery Objectives for an Accused Infringer" by Brian Ferguson of Weil, Gotshal & Manges, and Laurence

H. Pretty of Pretty, Schroeder, Bruggemann & Clark, Editor, Practicing Law Institute (2011).

- Rule 60 of the Federal Rules of Civil Procedure.

- Letter from Lester Wallace to me, dated May 18, 2020.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is my true and correct opinion in this matter.

Dated:  June 3, 2020                    By:_____

                                                      Randall R. Rader, Declarant

Lexis Advance® Profile Suite Report:Created on 5/29/2020 10:28:31 PM

**Judge :** Randall Ray Rader

## Cases (99)

1. ▲   Cornell Univ. v. Hewlett-Packard Co., 609 F. Supp. 2d 279

   **Overview:** Defendant's motion for JMOL was granted as to damages award, under 35 U.S.C.S. § 284, because jury's application of entire market value rule to CPU brick was unsupported as a matter of law because the record contained insufficient evidence to establish the required nexus between the patented aspect of the infringing processors and entire CPU brick.

   **Jurisdiction**
   U.S. Federal

   **Court**
   United States District Court for the Northern District of New York

   **Date**
   March 30, 2009

2. ▲   Diebold, Inc. v. United States, 16 Cl. Ct. 193

   **Overview:** A taxpayer was not entitled to a tax refund because the taxpayer failed to secure the Commissioner of Internal Revenue's consent to any change in an accounting method on the basis of which income was regularly computed.

   **Jurisdiction**
   U.S. Federal

   **Court**
   United States Claims Court

   **Date**
   January 18, 1989

3. ▲   IP Innovation L.L.C. v. Red Hat, Inc., 705 F. Supp. 2d 687

   **Jurisdiction**
   U.S. Federal

   **Court**
   United States District Court for the Eastern District of Texas, Marshall Division

   **Date**
   March 02, 2010

4. ▲   Loral Fairchild Corp. v. Victor Co. of Japan, 911 F. Supp. 76

   **Overview:** In plaintiff's patent infringement action, the court granted defendant's

   **Jurisdiction**

motion for sanctions since plaintiff alleged a new claim and theory of liability following discovery after the court's construction of a prior claim.

**U.S. Federal**

**Court**
United States District Court for the Eastern District of New York

**Date**
January 05, 1996

---

5.   Ⓐ   **Adams v. United States, 20 Cl. Ct. 132**

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
April 12, 1990

---

6.   🔴   **Brahms v. United States, 18 Cl. Ct. 471**

**Overview:**  The refusal of the IRS to abate interest was not subject to judicial review because Congress had vested the IRS with sole discretion to abate assessments of interest attributable to IRS error or delay.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
October 27, 1989

---

7.   🔺   **Cornell Univ. v. Hewlett-Packard Co., 2008 U.S. Dist. LEXIS 39343**

**Jurisdiction**
U.S. Federal

**Court**
United States District Court for the Northern District of New York

**Date**
May 08, 2008

Lexis Advance® Profile Suite Report:Created on 5/29/2020 10:28:31 PM

8. ◆ **Deuterium Corp. v. United States, 19 Cl. Ct. 624**

**Overview:** Defendant United States was granted summary judgment on plaintiff's patent infringement claim where two steps of plaintiff's claim were absent from defendant's accused process in its heat exchanger.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
February 23, 1990

9. ◆ **Embrey v. United States, 17 Cl. Ct. 617**

**Overview:** The parties' ruined business relations and plaintiff's inadequate performance adequately supported defendant government's decision to terminate the contract. Such a decision was not made arbitrarily and capriciously or in bad faith.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
July 17, 1989

10. ⚠ **Loral Fairchild Corp. v. Victor Co., 906 F. Supp. 798**

**Overview:** The common meaning of a term to one of ordinary skill in the art controlled when plaintiff patentee does not clearly explain the terms in its patent claims.

**Jurisdiction**
U.S. Federal

**Court**
United States District Court for the Eastern District of New York

**Date**
October 18, 1995

11. ⚠ **Loral Fairchild Corp. v. Victor Co. of Japan, 906 F. Supp. 813**

**Overview:** A patent holder's failure to comply with the marking requirement precluded it from recovering damages for infringing sales or uses that occurred prior to the date it filed its patent infringement lawsuit.

**Jurisdiction**
U.S. Federal

**Court**
United States District Court for the Eastern District of New York

**Date**
November 07, 1995

**Lexis Advance® Profile Suite Report:Created on 5/29/2020 10:28:31 PM**

---

12.   ▲   Loral Fairchild Corp. v. Victor Co. of Japan, Ltd., 931 F. Supp. 1014

**Overview:**  Defendant's motion for judgment as a matter of law was granted because no infringement of plaintiff's patents existed where infringed device did not contain claimed structure and other infringed device relied on prior art.

**Jurisdiction**
U.S. Federal

**Court**
United States District Court for the Eastern District of New York

**Date**
July 12, 1996

---

13.   ◆   Ristvedt-Johnson, Inc. v. Brandt, Inc., 805 F. Supp. 557

**Overview:**  In patent infringement suits over coin-sorting machines, the patent holder recovered lost profits where there was no acceptable non-infringing substitute, but recovered royalties instead of profits where there may have been an acceptable substitute.

**Jurisdiction**
U.S. Federal

**Court**
United States District Court for the Northern District of Illinois, Eastern Division

**Date**
October 19, 1992

---

14.   ▲   SMS Data Products Group, Inc. v. United States, 19 Cl. Ct. 612

**Overview:**  Under the Contract Disputes Act, claims court lacked jurisdiction over plaintiff contractor's claim for lost profits for wrongful termination of its government contract because plaintiff did not first submit its claim to the contracting officer.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
March 01, 1990

---

15.   ▲   Walsky Constr. Co. v. United States, 20 Cl. Ct. 317

**Overview:**  Defendant was unable to prove executive privilege because documents did not meet the two prong test; the documents did not record pre-decisional agency conduct and they did not contain decisional information.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
April 27, 1990

**Lexis Advance® Profile Suite Report:Created on 5/29/2020 10:28:31 PM**

16. ◈ **C.E. Equip. Co. v. United States, 17 Cl. Ct. 293**

**Overview:** Plaintiffs were denied their motion for partial summary judgment in infringement suit against government because there were factual disputes about the meaning of certain claim terms, accused device, and process.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
June 22, 1989

---

17. Ⓐ **Cornell Univ. v. Hewlett-Packard Co., 2008 U.S. Dist. LEXIS 41848**

**Overview:** Court excluded plaintiffs' expert's testimony that the whole market value of defendant corporation's servers and workstations should be used as the royalty base in a patent infringement action because plaintiffs and their expert had not drawn any connection between the market for servers and workstations and the patented invention.

**Jurisdiction**
U.S. Federal

**Court**
United States District Court for the Northern District of New York

**Date**
May 27, 2008

---

18. ◈ **Cornell Univ. v. Hewlett-Packard Co., 2008 U.S. Dist. LEXIS 60209**

**Jurisdiction**
U.S. Federal

**Court**
United States District Court for the Northern District of New York

**Date**
August 01, 2008

---

19. ⚠ **Cornell Univ. v. Hewlett-Packard Co., 2009 U.S. Dist. LEXIS 41408**

**Jurisdiction**
U.S. Federal

**Court**
United States District Court for the

Lexis Advance® Profile Suite Report:Created on 5/29/2020 10:28:31 PM

Northern District of
New York

**Date**
May 15, 2009

---

20.  ⓘ  Davis v. United States, 21 Cl. Ct. 84

**Jurisdiction**
U.S. Federal

**Court**
United States Claims
Court

**Date**
July 26, 1990

---

21.  ⚠  Deuterium Corp. v. United States, 21 Cl. Ct. 132

**Overview:** A corporation's complaint was dismissed with prejudice because the parties had been involved in litigation for a number of years and there was no legitimate reason for the corporation to withdraw on the eve of trial.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims
Court

**Date**
August 14, 1990

---

22.  ◈  Eliel v. United States, 18 Cl. Ct. 461

**Overview:** The court of claims lacked jurisdiction over the portions of debtors' complaint as the allegations raised either an inadequate equitable estoppel claim or an implied-in-law contract claim against the government.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims
Court

**Date**
October 25, 1989

---

23.  ▣  Fausto v. United States, 16 Cl. Ct. 750

**Overview:** The United States Claims Court had no jurisdiction over a government employee's Title VII claim, nor did it have jurisdiction over a dependent claim based upon a settlement agreement.

**Jurisdiction**
U.S. Federal

**Court**

United States Claims
Court

**Date**
May 12, 1989

---

24.    **Gahagan v. United States, 19 Cl. Ct. 168**

**Overview:** Where employer rescheduled employees' regular shifts so that they did not receive premium pay when they were on leave for jury or military duty, rescheduling was not holiday blind and violated statutes. Employees were entitled to premium back pay.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims
Court

**Date**
December 20, 1989

---

25.    **Griffin & Dickson v. United States, 16 Cl. Ct. 347**

**Overview:** Contract appeals board erred in dismissing with prejudice a contractor's appeal from denial of claims for additional compensation because board failed to consider sanctions short of dismissal for failure to comply adequately with pretrial order.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims
Court

**Date**
February 24, 1989

---

26.    **Griffin & Dickson v. United States, 21 Cl. Ct. 1**

**Overview:** A contractor was entitled to attorneys' fees and costs incurred before the court and an administrative board of appeals because the contractor was the prevailing party and the position of the government was not substantially justified.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims
Court

**Date**
June 28, 1990

---

27.    **Hammon v. United States, 21 Cl. Ct. 14**

**Overview:** Where a taxpayer was responsible for paying taxes due to his status and authority as corporate president and majority shareholder, he was liable for nonpayment of employment taxes because his reckless disregard of his duty

**Jurisdiction**
U.S. Federal

**Court**

constituted willfulness.

| | |
|---|---|
| | United States Claims Court |
| | **Date**<br>July 09, 1990 |

---

28. ▲ **Heimark v. United States, 18 Cl. Ct. 15**

**Overview:** Where the taxpayer was company treasurer but only prepared checks and lacked other fiscal authority, he was not liable for a tax penalty for unpaid company employment taxes, and he was entitled to a refund from the IRS for paying part of the penalty.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
August 18, 1989

---

29. Ⓐ **IP Innovation L.L.C. v. Red Hat, Inc., 705 F. Supp. 2d 692**

**Jurisdiction**
U.S. Federal

**Court**
United States District Court for the Eastern District of Texas, Marshall Division

**Date**
March 29, 2010

---

30. ◆ **Lathan Co. v. United States, 20 Cl. Ct. 122**

**Overview:** Genuine issues of material fact existed, precluding summary judgment, in plaintiff contractor's action for an equitable adjustment due to differing site conditions and hindered performance.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
April 10, 1990

---

31. ◆ **National Ass'n of Postal Supervisors v. United States, 21 Cl. Ct. 310**

**Overview:** The court dismissed the labor organization's complaint because the labor

**Jurisdiction**
U.S. Federal

organization's collection of membership dues from health plan enrollees was a regularly conducted business activity unrelated to the labor organization's tax-exempt purpose.

**Court**
United States Claims Court

**Date**
August 14, 1990

---

32. ▲ Noel v. United States, 16 Cl. Ct. 166

**Overview:** The court lacked subject matter jurisdiction over a claimant's suit to recover currency seized by the DEA because the Fourth and Fifth Amendments, which the claimant alleged were violated, did not mandate payment of money damages.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
January 05, 1989

---

33. ◆ OAO Corp. v. United States, 17 Cl. Ct. 91

**Overview:** A contractor and the government reached an implied-in-fact contract for start-up-costs. The bargaining and the parties' conduct showed mutuality of intent, offer, acceptance, consideration, and that an officer had authority to bind the government.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
May 24, 1989

---

34. ▲ PA Advisors, Inc. v. Google, Inc., 706 F. Supp. 2d 739

**Overview:** Internet search engine companies were entitled to summary judgment of non-infringement in an action filed by owner of a patent that claimed method of returning more pertinent Internet search results; asserted claims required identification of particular parts of speech, and accused services stored words without regard to their parts of speech.

**Jurisdiction**
U.S. Federal

**Court**
United States District Court for the Eastern District of Texas, Marshall Division

**Date**
March 11, 2010

---

35. ▲ Robinson Contracting Co. v. United States, 16 Cl. Ct. 676

Lexis Advance® Profile Suite Report:Created on 5/29/2020 10:28:31 PM

**Overview:** Accord and satisfaction occurred when contractor and government negotiated written agreement whereby remaining work was dropped from contract through issuance of change order and government paid agreed amount to contractor.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
April 25, 1989

---

36. ▲ SMS Data Products Group, Inc. v. United States, 17 Cl. Ct. 1

**Overview:** Proper remedy, where defendant was collaterally estopped from trying to prove it wrongfully terminated contract, was to convert decision into a termination for the convenience of the government.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
May 11, 1989

---

37. ◆ Steve Altman Photography v. United States, 18 Cl. Ct. 267

**Overview:** Where photographer granted government agency license to use photographs for "public relations" purposes, publication of photos in annual report was not copyright infringement, but release of photo to national magazine was.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
September 29, 1989

---

38. ◆ Alta Verde Industries, Inc. v. United States, 18 Cl. Ct. 595

**Overview:** Beef ranchers were not entitled to mandatory compensation for profits lost after the government initiated a dairy termination program because the government program was a lawful action and therefore losses under it were not recoverable.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
November 15, 1989

---

39. ▲ American Pacific Roofing Co. v. United States, 21 Cl. Ct. 265

**Overview:** A government contractor satisfied the statutory requirements for proper submission of a claim to the contracting officer and requested a final decision, therefore, the Court of Claims had jurisdiction over the matter.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
July 31, 1990

---

40. Ⓐ **Archer v. United States, 18 Cl. Ct. 603**

**Overview:** Government employees in one agency were not entitled to a pay increase when cap was put on salaries but they were entitled to an hourly increase for a later year because there was no cap and their salaries were to be comparable to other agency.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
October 05, 1989

---

41. ⓘ **Beasley v. United States, 21 Cl. Ct. 236**

**Overview:** Denial of the airman's petition for reinstatement was not arbitrary and capricious where it was based upon evidence unavailable at his court martial proceeding and a confession that was precluded in the court martial but admitted before the board.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
August 09, 1990

---

42. ⓘ **Biener GmbH v. United States, 17 Cl. Ct. 802**

**Overview:** The United States did not breach its requirements contract with a shipper where the United States moved certain goods through other providers because those procurements fell outside of the express and agreed-to scope of the contract with the shipper.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
August 08, 1989

---

43. ◈ **Cedar Chemical Corp. v. United States, 18 Cl. Ct. 25**

**Overview:**  Pesticide producer did not lose the benefit of its bargain with EPA
because it bargained not for prompt payment, but for prompt processing by EPA,
which it received. Court had no authority to certify the claim for payment from the
Judgment Fund.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims
Court

**Date**
August 18, 1989

---

44.  ◈  Chipps v. United States, 19 Cl. Ct. 201

**Jurisdiction**
U.S. Federal

**Court**
United States Claims
Court

**Date**
January 02, 1990

---

45.  ⓐ  ClearValue, Inc. v. Pearl River Polymers, Inc., 704 F. Supp. 2d 584

**Jurisdiction**
U.S. Federal

**Court**
United States District
Court for the Eastern
District of Texas,
Tyler Division

**Date**
April 05, 2010

---

46.  ⚠  Commercial Energies, Inc. v. United States, 20 Cl. Ct. 140

**Overview:**  The United States could not award a contract under the evaluation
preference for small disadvantaged businesses in which it did not apply the
preference factor to all of the line items on which it intended to base its award.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims
Court

**Date**
April 16, 1990

**Lexis Advance® Profile Suite Report:Created on 5/29/2020 10:28:31 PM**

47.   Ⓐ   Cornell Univ. v. Hewlett-Packard Co., 654 F. Supp. 2d 119

**Overview:**  Where jury found that defendant infringed patent describing technology for issuing multiple and out-of-order computer processor instructions in single machine clock cycle, defendant was not entitled to judgment as a matter of law because there was substantial evidence showing that the accused products satisfied each element of the asserted claims.

**Jurisdiction**
U.S. Federal

**Court**
United States District Court for the Northern District of New York

**Date**
April 24, 2009

48.   Ⓐ   Cornell Univ. v. Hewlett-Packard Co., 2008 U.S. Dist. LEXIS 41833

**Jurisdiction**
U.S. Federal

**Court**
United States District Court for the Northern District of New York

**Date**
May 27, 2008

49.   Ⓐ   Cornell Univ. v. Hewlett-Packard Co., 2008 U.S. Dist. LEXIS 41914

**Overview:**  In a patent infringement action, defendant corporation would not be permitted to argue to the jury that plaintiffs had to prove that they manufactured, sold, or licensed servers, workstations, or their components to avail themselves of the entire market value rule.

**Jurisdiction**
U.S. Federal

**Court**
United States District Court for the Northern District of New York

**Date**
May 27, 2008

50.   ◇   Deuterium Corp. v. United States, 16 Cl. Ct. 454

**Overview:**  The court found defendant United States' first accused process did not infringe plaintiff's patented process because U.S.' process did not reach the substantially same results as plaintiff's process.

**Jurisdiction**
U.S. Federal

**Court**

Lexis Advance® Profile Suite Report:Created on 5/29/2020 10:28:31 PM

| | | | United States Claims Court |
|---|---|---|---|

**Date**
March 09, 1989

---

51.  ◆  **Deuterium Corp. v. United States, 19 Cl. Ct. 697**

**Overview:**  The United States was required to release certain documents in an infringement action because the patent holder showed a substantial need to discover them, but the attorney-client privilege and the work product doctrine applied to other documents.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
March 12, 1990

---

52.  ◆  **Dunham v. Secretary of HHS, 18 Cl. Ct. 633**

**Overview:**  Parents of a deceased child received compensation for their daughter's death under the National Childhood Vaccine Compensation Program.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
November 22, 1989

---

53.  ◆  **DWS, Inc. v. United States, 18 Cl. Ct. 453**

**Overview:**  Contractor, who had challenged termination before the Armed Services Board of Contract Appeals, was collaterally estopped from litigating the same facts before the Claims Court.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
October 24, 1989

---

54.  ⚠  **Giuliani Contractor Co., 21 Cl. Ct. 81**

**Overview:**  Defendant federal government established that the convenience of the parties, convenience of witnesses, and interest of justice justified having a case transferred in a government contract dispute where the claims arose out of the same

**Jurisdiction**
U.S. Federal

**Court**

contract.

United States Claims
Court

**Date**
July 26, 1990

---

55.   ●   Gould, Inc. v. United States, 19 Cl. Ct. 257

**Overview:**  Contractor was not entitled to reformation of its defaulted multiyear
procurement contract with the government where the allegations of its complaint
failed to demonstrate that it was an intended beneficiary of the contract, as required
by statute.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims
Court

**Date**
January 16, 1990

---

56.   ⓘ   Halbert v. United States, 17 Cl. Ct. 596

**Jurisdiction**
U.S. Federal

**Court**
United States Claims
Court

**Date**
August 09, 1989

---

57.   Ⓐ   Holloway Constr. Co. v. United States, 18 Cl. Ct. 326

**Overview:**  Because a contractor did not show that it suffered individual harm from
bad weather and inflation due to the federal government's suspension of its
construction contract, the contractor was not entitled to additional compensation.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims
Court

**Date**
October 11, 1989

---

58.   ◆   Hoppmann Corp. v. United States, 18 Cl. Ct. 220

**Overview:**  A corporation's duty to inquire was not invoked where ambiguities in the
federal government's bid solicitation contract, if any, were not so glaring. Any latent
ambiguity or omission would be construed against the federal government.

**Jurisdiction**
U.S. Federal

**Court**

Lexis Advance® Profile Suite Report:Created on 5/29/2020 10:28:31 PM

United States Claims
Court

**Date**
September 18, 1989

---

59.   ◈   Hubbs v. United States, 20 Cl. Ct. 423

**Overview:**  Credit corporation was not negligent in failing to deposit draft instrument
related to loan agreement since risk of loss was on borrower for payments and
corporation had shown that the deposit was within reasonable time.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims
Court

**Date**
May 14, 1990

---

60.   ◈   Hydro Group, Inc. v. United States, 17 Cl. Ct. 668

**Overview:**  As a result of the patent ambiguity in the invitation for bids, it was
necessary for the successful bidder to seek clarification from the government prior to
submitting a bid. Genuine issues of fact precluded the entry of summary judgment.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims
Court

**Date**
July 25, 1989

---

61.   Ⓐ   Ip Innovation L.L.C. v. Google Inc., 2010 U.S. Dist. LEXIS 146553

**Jurisdiction**
U.S. Federal

**Court**
United States District
Court for the Eastern
District of Texas,
Marshall Division

**Date**
January 06, 2010

---

62.   ⚠   IP Innovation L.L.C. v. Red Hat, Inc., 2010 U.S. Dist. LEXIS 139920

**Jurisdiction**

Lexis Advance® Profile Suite Report:Created on 5/29/2020 10:28:31 PM

**Jurisdiction**
U.S. Federal

**Court**
United States District
Court for the Eastern
District of Texas,
Marshall Division

**Date**
September 20, 2010

63. ▲ IP Innovation L.L.C. v. Red Hat, Inc., 2010 U.S. Dist. LEXIS 145350

**Jurisdiction**
U.S. Federal

**Court**
United States District
Court for the Eastern
District of Texas,
Marshall Division

**Date**
October 13, 2010

64. ◆ IP Innovation L.L.C. v. Red Hat, Inc., 2010 U.S. Dist. LEXIS 145351

**Jurisdiction**
U.S. Federal

**Court**
United States District
Court for the Eastern
District of Texas,
Marshall Division

**Date**
October 13, 2010

65. ▲ King v. United States, 19 Cl. Ct. 703

**Jurisdiction**
U.S. Federal

**Court**
United States Claims
Court

**Date**
March 13, 1990

Lexis Advance® Profile Suite Report:Created on 5/29/2020 10:28:31 PM

66.  ⓘ  Kinne v. United States, 21 Cl. Ct. 104

**Jurisdiction**
U.S. Federal

**Court**
United States Claims
Court

**Date**
July 19, 1990

---

67.  ◆  Lang Bros., Inc. v. United States, 20 Cl. Ct. 551

**Jurisdiction**
U.S. Federal

**Court**
United States Claims
Court

**Date**
June 01, 1990

---

68.  Ⓐ  Loral Fairchild Corp. v. Victor Co., 1995 U.S. Dist. LEXIS 20412

**Overview:**  In a patent infringement action, summary judgment was not warranted when there was circumstantial evidence of a manufacturer's intent to induce infringement because there was a genuine issue of material fact that required resolution for a jury.

**Jurisdiction**
U.S. Federal

**Court**
United States District
Court for the Eastern
District of New York

**Date**
November 07, 1995

---

69.  ◆  Loral Fairchild Corp. v. Victor Co. of Japan, 931 F. Supp. 1044

**Overview:**  In a patent holder's infringement action against a first manufacturer and other manufacturers, the court certified an immediate appeal from the judgment for the first manufacturer. The judgment was final, and there was no just reason for delay.

**Jurisdiction**
U.S. Federal

**Court**
United States District
Court for the Eastern
District of New York

**Date**
July 16, 1996

Lexis Advance® Profile Suite Report:Created on 5/29/2020 10:28:31 PM

70.   ◈   **Loral Fairchild Corp. v. Victor Co. of Japan, Ltd., 208 F. Supp. 2d 344**

**Jurisdiction**
U.S. Federal

**Court**
United States District
Court for the Eastern
District of New York

**Date**
June 07, 2002

71.   Ⓐ   **Loral Fairchild Corp. v. Victor Co. of Japan, Ltd., 2000 U.S. Dist. LEXIS 21565**

**Overview:**  In plaintiff's patent infringement suit, motions for summary judgment of
invalidity of two remaining defendants were granted. Based on evidence, claim one
of patent was obvious in light of earlier reference in an article, and so was invalid.

**Jurisdiction**
U.S. Federal

**Court**
United States District
Court for the Eastern
District of New York

**Date**
June 21, 2000

72.   Ⓐ   **Loral Fairchild Corp. v. Victor Co. of Japan, Ltd., 2002 U.S. Dist. LEXIS 6914**

**Overview:**  In patent suit, patent owner did not commit champerty in transfer of suit
to it; transfer was only small part of substantial commercial transaction. Inequitable
conduct defense was not established; knowledge and intent to deceive were not
shown.

**Jurisdiction**
U.S. Federal

**Court**
United States District
Court for the Eastern
District of New York

**Date**
January 15, 2002

73.   ◈   **Maitland Bros. Co. v. United States, 20 Cl. Ct. 53**

**Jurisdiction**
U.S. Federal

**Court**
United States Claims
Court

**Date**
March 28, 1990

74. ⚠ **Massachusetts Bay Transp. Authority v. United States, 21 Cl. Ct. 252**

**Overview:** Court lacked jurisdiction over claim because it raised premature and abstract injuries which were not ripe for review as injury would not have been definite until outcome of ongoing proceedings in Massachusetts court system.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
July 31, 1990

75. ℹ **N.C. Citizens for Bus. & Indus. v. United States, 18 Cl. Ct. 106**

**Overview:** An association was forced to take a limited deduction for unrelated business income because its magazine sales to nonmembers did not exceed 20 percent of its sales.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
August 28, 1989

76. ◆ **Norwood Mfg., Inc. v. United States, 21 Cl. Ct. 300**

**Overview:** Government was granted summary judgment where plaintiff's contract was terminated when the product did not meet performance requirements and plaintiff breached the contract's warranty of supplies; there was no evidence of bad faith by government.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
August 10, 1990

77. ◆ **Pender Peanut Corp. v. United States, 20 Cl. Ct. 447**

**Overview:** The United States Department of Agriculture lacked the authority to impose a penalty upon a peanut handler that failed to dispose of additional peanuts in accordance with a statute and a regulation.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
May 23, 1990

78. ◆ **Performance Pricing, Inc. v. Google Inc., 704 F. Supp. 2d 577**

**Overview:**  Internet companies were entitled to summary judgment of non-infringement in patent owner's action alleging infringement of patent that claimed methods of doing business over Internet wherein competition was used to determine prices; accused online advertising auction systems did not have "price-determining activity" as that term was used in patent.

**Jurisdiction**
U.S. Federal

**Court**
United States District Court for the Eastern District of Texas, Marshall Division

**Date**
March 17, 2010

---

79.  ▲  Ristvedt-Johnson, Inc. v. Brandt, Inc., 805 F. Supp. 549

**Overview:**  A patentee and licensee were entitled to enforce their patents where the infringer failed to show even a threshold level of materiality or intent to deceive for an inequitable conduct defense and the record did not support an unclean hands defense.

**Jurisdiction**
U.S. Federal

**Court**
United States District Court for the Northern District of Illinois, Eastern Division

**Date**
April 02, 1992

---

80.  ℹ  Rust Communs. Grp. v. United States, 20 Cl. Ct. 392

**Overview:**  Summary judgment on corporate tax issue regarding sale of radio stations as partial liquidation to shareholders denied because there were disputed factual issues. Tax assessment was penalty and corporation could not deduct assessment as theft loss.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
May 14, 1990

---

81.  ▲  Shaw v. Secretary of HHS, 18 Cl. Ct. 646

**Overview:**  In an action under the National Childhood Vaccine Injury Act of 1986 in which parents sought compensation for injuries to their son resulting from a measles vaccine, additional medical evidence was needed to show proximate cause and cause in fact.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
November 07, 1989

Lexis Advance® Profile Suite Report:Created on 5/29/2020 10:28:31 PM

82. Ⓐ **Shaw v. Secretary of HHS, 19 Cl. Ct. 334**

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
January 31, 1990

---

83. ⚠ **Siegfried v. Secretary of HHS, 19 Cl. Ct. 323**

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
January 22, 1990

---

84. Ⓐ **Solitron Devices, Inc. v. United States, 16 Cl. Ct. 561**

**Overview:** A taxpayer did not set forth exceptional circumstances justifying the extraordinary relief of reopening a previous tax court action, and in any event, the Internal Revenue Code deprived the court of jurisdiction to grant the relief sought.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
March 29, 1989

---

85. ⬓ **Stegall v. United States, 19 Cl. Ct. 765**

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
March 13, 1990

---

86. ◆ **Strother v. Secretary of HHS, 18 Cl. Ct. 816**

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
November 17, 1989

---

87. ◈ **Strother v. Secretary of HHS, 21 Cl. Ct. 365**

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
August 14, 1990

---

88. ● **Taylor v. United States, 18 Cl. Ct. 713**

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
November 21, 1989

---

89. ▲ **Tenneco, Inc. v. United States, 17 Cl. Ct. 345**

**Overview:**  The taxpayer was not reimbursed for tax paid on exempt items when the taxpayer failed to show that it was responsible for and had paid excise tax for items and had not passed them on to its customers.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
July 07, 1989

---

90. ◈ **United Food Services, Inc. v. United States, 19 Cl. Ct. 539**

**Lexis Advance® Profile Suite Report:Created on 5/29/2020 10:28:31 PM**

**Overview:** Plaintiff contractor was not entitled to equitable adjustment under the change clause to its contract for providing food services to the military since the contract, properly construed, required the provision of said services.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
February 22, 1990

---

91.  **ⓘ**  Villier v. United States, 17 Cl. Ct. 341

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
June 29, 1989

---

92.  **▣**  Webb & Assoc. v. United States, 19 Cl. Ct. 650

**Overview:** Claims Court retained jurisdiction over eminent domain claim when pending counterclaim in federal district court would not necessarily result in award of full monetary relief; breach of contract claim dismissed.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
February 28, 1990

---

93.  **◆**  Western Empire Constructors, Inc. v. United States, 20 Cl. Ct. 668

**Jurisdiction**
U.S. Federal

**Court**
United States Claims Court

**Date**
June 13, 1990

---

94.  **ⓘ**  Willcox v. Secretary of HHS, 18 Cl. Ct. 870

|  |  |
|---|---|
|  | **Jurisdiction**<br>U.S. Federal<br><br>**Court**<br>United States Claims<br>Court<br><br>**Date**<br>December 01, 1989 |

---

95. ◆ **XXX Constr. Co. v. United States, 16 Cl. Ct. 491**

**Overview:** Contract language regarding amount of acres to be worked ambiguous and, since ambiguity was latent, contra proferentem principle applied, and accord and satisfaction did not extinguish claim for payment for additional work.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims
Court

**Date**
March 15, 1989

---

96. Ⓐ **Blue Cross & Blue Shield Asso. v. United States, 17 Cl. Ct. 558**

**Overview:** A health insurance association providing benefits to government employees and retirees violated Georgia law when it used mandatory statutory reserve funds to pay ordinary business expenses.

**Jurisdiction**
U.S. Federal

**Court**
United States Claims
Court

**Date**
July 12, 1989

---

97. Ⓐ **Pa Advisors, LLC v. Google, Inc., 2010 U.S. Dist. LEXIS 147978**

**Jurisdiction**
U.S. Federal

**Court**
United States District
Court for the Eastern
District of Texas,
Marshall Division

**Date**
May 19, 2010

Lexis Advance® Profile Suite Report:Created on 5/29/2020 10:28:31 PM

98.   Ⓐ   Widevine Techs., Inc. v. Verimatrix, Inc., 2010 U.S. Dist. LEXIS 149932

**Jurisdiction**
U.S. Federal

**Court**
United States District
Court for the Eastern
District of Texas,
Marshall Division

**Date**
March 11, 2010

99.   Ⓐ   Pender Peanut Corp. v. United States, 21 Cl. Ct. 95

**Jurisdiction**
U.S. Federal

**Court**
United States Claims
Court

**Date**
August 02, 1990

# PUBLICATIONS OF RANDALL R. RADER

## ARTICLES

| # | Title | Publication | Year | URL |
|---|-------|-------------|------|-----|
| 1 | Make Patent Trolls Pay in Court (with C.V. Chien and D. Hricik) | New York Times | 2013 | https://socalip.org/wp-content/uploads/2013/06/make-patent-trolls-pay-in-court-nytimes.pdf |
| 2 | Addressing the Elephant: The Potential Effects of the Patent Cases Pilot Program and Leahy-Smith America Invents Act | 62 Am. U. L. Rev. 1105 | 2013 | https://heinonline.org/HOL/LandingPage?handle=hein.journals/aulr62&div=32&id=&page= |
| 3 | The State of Patent Litigation | 21 Fed. Cir. B.J. 331 | 2011 | https://heinonline.org/HOL/LandingPage?handle=hein.journals/fedcb21&div=20&id=&page= |
| 4 | The Honorable Judge Randall R. Rader, Chief Judge of the Court of Appeals for the Federal Circuit: The Most Pressing Issues in IP Law Today | 2 Cybaris Intell. Prop. L. Rev. 1 | 2011 | https://heinonline.org/HOL/LandingPage?handle=hein.journals/cybaris2&div=2&id=&page= |
| 5 | Always at the Margin: Inequitable Conduct in Flux | 59 Am. U. L. Rev. 777 | 2010 | https://digitalcommons.wcl.american.edu/cgi/viewcontent.cgi?referer=https://scholar.google.com/&httpsredir=1&article=1014&context=aulr |
| 6 | Functional Claiming: Contributions and Confusion | 6 Int'l Intell. Prop. L. & Poly 59-1 | 2001 | |
| 7 | The United States Court of Appeals for the Federal Circuit: The Promise and Perils of a Court of Limited Jurisdiction | 5 Marq. Intell. Prop. L. Rev. 1 | 2001 | https://heinonline.org/HOL/LandingPage?handle=hein.journals/marqs5&div=4&id=&page= |
| 8 | Commentary: The State Street Decision | 4 Int'l Intell. Prop. L. & Poly 40-1 | 2000 | https://heinonline.org/HOL/LandingPage?handle=hein.journals/interpv4&div=45&id=&page= |
| 9 | Commentary: Improving Patent Jury Trial | 4 Int'l Intell. Prop. L. & Poly 49-1 | 2000 | |
| 10 | Commentary: U.S. Patent Law Issues | 4 Int'l Intell. Prop. L. & Poly 58-1 | 2000 | https://heinonline.org/HOL/LandingPage?handle=hein.journals/interpv4&div=63&id=&page= |
| 11 | Specialized Courts: The Legislative Response | 40 Am. U. L. Rev. 1003 | 1991 | https://digitalcommons.wcl.american.edu/cgi/viewcontent.cgi?article=1849&context=aulr |
| 12 | Evaluate Your Own Performance on the Bench | 30 Judges J. 33 | 1991 | https://heinonline.org/HOL/LandingPage?handle=hein.journals/judge30&div=53&id=&page= |
| 13 | The Independence of the Judiciary: A Critical Aspect of the Confirmation Process | 77 Ky. L.J. 767 | 1989 | https://uknowledge.uky.edu/cgi/viewcontent.cgi?article=1916&context=klj |
| 14 | 1984 Comprehensive Crime Control Act: Changing the Course of Federal Criminal Law | 33 Fed. B. News & J. 366 | 1986 | |
| 15 | Reforming the Exclusionary Rule | 31 Fed. B. News & J. 250 | 1984 | |
| 16 | Section 1983, the Civil Rights Action: Legislative and Judicial Directions | 15 Cumb. L. Rev. 571 | 1984 | https://heinonline.org/HOL/LandingPage?handle=hein.journals/cumlr15&div=27&id=&page= |
| 17 | The Fee Awards Act of 1976: Examining the Foundation for Legislative Reform of Attorney's Fees Shifting | 18 J. Marshall L. Rev. 77 | 1984 | https://heinonline.org/HOL/LandingPage?handle=hein.journals/jmlr18&div=10&id=&page= |
| 18 | Legislating a Remedy for the Fourth Amendment | 23 S. Tex. L.J. 585 | 1982 | |
| 19 | Chaining the Court to the Constitution | 25 Modern Age 243 | 1981 | https://search.proquest.com/openview/6110e9e44d5b2ff2be8101e93eae4ad/1?pq-origsite=gscholar&cbl=1819501 |
| 20 | Recent Patent Law Cases in the United States: Festo's Effect on Patent Acquisition Practices | Software Information Center of Japan | undated | https://www.softic.or.jp/symposium/open_materials/10th/en/rader-en.pdf |

**BOOKS**

| # | Title | Publisher | Year | Link |
|---|---|---|---|---|
| 1 | Cases and Materials on Patent Law (with M.J. Adelman and J.R. Thomas) | West Academic Publishing | | |
| 2 | Patent Law in Nutshell (with B. Christoff) | West Academic Publishing | | |
| 3 | 美国专利法 (with M.J. Adelman and G.P. Klancnik) | | | |
| 4 | A Blueprint for Judicial Reform (with P.B. McGuigan) | University Press of America | | |
| 5 | Law, Policy and Monetization in Intellectual Property (with K. Nagasawa and T. Voit) | | | |
| 6 | Intellectual Property Protection and Dispute Settlement (in Contemporary Asian Studies Series-Intellectual Property Protection in the Asian-Pacific Region: A Comparative Study) | Cambridge Scholars Publishing | 1996 | https://digitalcommons.law.umaryland.edu/cgi/viewcontent.cgi?article=1134&context=mscas |

## JUDGE RANDALL R. RADER PRIOR TESTIMONY

| Matter | Court | Parties | Attorneys | Nature of the proceedings |
|---|---|---|---|---|
| Wi-LAN Inc. v. BelAir Networks Inc. and Telefonaktiebolaget LM Ericsson | International Centre For Dispute Resolution | Wi-LAN Inc., BelAir Networks Inc., and Telefonaktiebolaget LM Ericsson | Wi-LAN: Lawrence Thacker and Ren Bucholz Ericsson and BelAir: Joel Richler, Catherine Beagan Flood, Rahat Godil, and Laura Dougan | Arbitration regarding the scope of a license between Wi-LAN and BelAir Networks (BelAir) that was assigned to Telefonaktiebolaget LM Ericsson (LME) after its acquisition of BelAir. |
| Civil Appeal 2167/16 Sanofi v. Unipharm (Plavix Litigation in Israel)* | Supreme Court of Israel | Sanofi  Unipharm | Liad Whatstein & Co.  Adi Levit & Co. | Appeal form a judgement given by the Central District Court/weak patent application/Fraud on the Patent Office |
| Abengoa S.A. vs. Compañía Española de Seguros de Crédito a la Exportación, S.A. Compañía de Seguros y Reaseguros (CESCE)* | Corte Española de Arbitraje | Abengoa, SA  CESCE | José María Alonso, Alfonso Gómez-Acebo and José Manuel Maza  José Antonio Rodríguez, María José Menéndez, Raquel Mendienta, Francisco de León | Arbitration based on a failure to pay on insurance coverage. |
| In the matter of an arbitration pursuant to the Hong Kong International Arbitration Center Administered arbitration rules 2013 Case No HKIAC/A15155* | Hong Kong International Arbitration Centre | AU Optronics Corporation  TCL multimedia Technology Holding Limited  TCL Corporation  SHENZHEN CHINA STAR OPTOELECTRONICS TECHNOLOGY CO. LTD | Winnie Tam SC and Benny Lo - Hong Kong Counsel for the Claimant JOHN M.Y. YAN S.C. and PHILIPS B.F. WONG - HK Counsel for the Respondents  JOHN F. RABENA, SUGHRUE MION, PLLC - US Counsel for the Respondents, WILKINSON & GRIST - Solicitors for the Respondents | Patent infringement arbitration involving two patents |

| | | | | |
|---|---|---|---|---|
| Acacia Research v. Boston Scientific Corporation* | AMERICAN ARBITRATION ASSOCIATION COMMERCIAL ARBITRATION RULES, Case No: 02-15-0004-9460 | Acacia Research, Boston Scientific Corporation | Attorneys for Claimants – Marc J. Schneider, Travis R. Brennan, David M. Keithly, Stradling Yocca Carlson & Rauth<br><br>Attorneys for Counterclaimant- Matthew W. Wolf, Edward Han, Amy DeWitt, James A. Kaiser, Arnold & Porter Kaye Scholer | Breach of contract, fraud |
| White v. Boston Scientific Corporation* | United States District Court for the District of Massachusetts Civil Action No. 1:17-cv-11039-JGD | Dr. Jennifer White, Boston Scientific Corporation | Attorneys for Plaintiff- Steven Bauer, Safraz Ishmael, Proskauer Rose LLP<br><br>Attorneys for Defendant – John E. Nilsson, Maxwell C. Preston, Arnold & Porter Kaye Scholer LLP | Patent infringement |
| SAS Institute Inc. v. World Programming Limited Case No. CL-2017-000749 | The High Court, Commercial Court, Queen's Branch Division | SAS Institute Inc. and World Programming Limited | Claire Blewett<br><br>Brown Rudnick LLP | Fraud and UDTPA claims in English Proceedings and the U.S. Proceedings |
| Merial Inc. and Merial Sall.de Animal Ltda. v. Instituto Nacional da Propriedade Industrial (BRPTO) and Intervet International B.V. | 31° Vara Federal da Se«;ao Judiciaria do Rio de Janeiro | Merial Inc. and Merial Sall.de Animal Ltda.<br><br>Instituto Nacional da Propriedade Industrial (BRPTO)<br><br>and Intervet International B.V. | Quinn Emanuel: Ray Nimrod, Greg Bonifield and Amanda Antons on behalf of Intervet<br><br>Licks: Otto Licks on behalf of Intervet. | Brazil invalidity proceeding. |
| McCain Foods Limited v. J.R. Simplot Company and Simplot Canada (II) Limited v. Elea Vertriebs-und-Vermarktungsgesellsc haft, mbH; Federal Court File No. T-1624-17* | Federal Court of Canada | McCain Foods Limited J.R. Simplot Company Simplot Canada (II) Limited Elea Vertriebs-und-Vermarktungsgesellscha ft, mbH | Steven Garland and Daniel Hnatchuk, Smart & Biggar LLP, on behalf of J.R. Simplot Company and Simplot Canada (II) Limited<br><br>Mark Edward Davis and Chelsea Nimmo, Norton Rose Fulbright Canada LLP, on behalf of McCain Foods Limited<br><br>Jason Markwell and Benjamin Reingold, Belmore Neidrauer LLP, on behalf of Elea-Vertriebs-und-Vermarktungsgesellschaft, mbH. | Patent infringement |

*Testimony is available to the expert or the party for which the expert testified.