**Note Court's revisions below (in bold). Also, this order should be read in conjunction with supplemental statement of decision regarding motion.
MRW**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAP EXPORT, LLC, a California limited liability company;<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ZINUS, INC., a California Corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants.<br><br>Related Counterclaims and Third-Party Complaint | Case No. 2:16-cv-00371 JWH (MRWx)<br><br>[~~PROPOSED~~] **ORDER ON CAP EXPORT, LLC'S AND ABRAHAM AMOUYAL'S NOTICE OF MOTION AND MOTION FOR ORDER COMPELLING ZINUS, INC. TO RESPOND TO AMOUYAL'S 1ST SET OF INTERROGATORIES, CAP EXPORT'S 2ND SET OF DOCUMENT REQUESTS, PRESENT WITNESSES FOR DEPOSITION, AND TO ENGAGE AN EDISCOVERY PROVIDER, AND REQUEST FOR SANCTIONS** |

**[PROPOSED] ORDER ON CAP EXPORT, LLC'S AND ABRAHAM AMOUYAL'S MOTION TO COMPEL ZINUS, INC. TO RESPOND TO INTERROGATORIES and 2ND SET OF DOCUMENT REQUESTS,**

The Court held video conference hearings on October 22 and 23, 2020 with the parties' counsel. After review and consideration of Abraham Amouyal and Cap Export, LLC's Motion for Order Compelling Zinus, Inc. to Respond to Amouyal's 1st Set of Interrogatories, Cap Export's 2nd Set of Document Requests, Present Witnesses for Deposition, to Engage an E-Discovery Provider, and Request for Sanctions **(Docket # 331)**, and the parties' opportunity to be heard, and good cause appearing therefor, the Court Orders as follows:

I. **Requests for Production**

1. Request 18 has been limited by the parties to Electronically Stored Information containing the term "Woody," which Zinus has represented are 1,349 pages of emails. Zinus shall produce emails and documents containing the term "Woody" from 2009 to **[July of 2019 or** January 15, 2016] in searchable PDF files. Zinus shall not be obligated to produce emails containing the term "Woody" that do not relate to the Malaysian company Woody defined in paragraph 18 of Cap Export's Requests For Production Set Two or Woody's employees or agents.

2. Request 19 has been limited by the parties to Electronically Stored Information containing the term "Xiamen XinShunYang" or "Xiamen Xin Shun Yang." Zinus shall produce responsive emails and documents from 2009 to **[July of 2019 or** January 15, 2016].

3. Request 20 has been limited by the parties to Electronically Stored Information containing the term "Mersin." Zinus shall produce emails and documents containing "Mersin" from 2009 to **[July of 2019 or** January 15, 2016].

4. Request 21 has been limited by the parties to Electronically Stored Information containing the term "PC001C, PC001F, or PC001*," wherein * refers to a basic wildcard search. Zinus shall produce emails and documents containing "PC001C, PC001F, or PC001*" from 2009 to **[July of 2019 or** January 15, 2016].

5. Request 22 has been limited by the parties to Electronically Stored Information relating to both Suk Kan Oh and the invention of the device claimed in the '123 Patent. Zinus shall produce such emails and documents from 2009 to [~~July of 2019 or~~ January 15, 2016].

6. Request 23 has been limited by the parties to Electronically Stored Information relating to both Colin Lawrie and Woody. Zinus shall produce such emails and documents from 2009 to [~~July of 2019 or~~ January 15, 2016].

7. Request 24 has been limited by the parties to Electronically Stored Information relating to Zinus' communications with Woody. Zinus shall produce such emails and documents from 2009 to [~~July of 2019 or~~ January 15, 2016].

8. Request 25 has been limited by the parties to Electronically Stored Information containing reference to both Zinus Xiamen and Woody. Zinus shall produce such emails and documents from 2009 to [~~July of 2019 or~~ January 15, 2016].

9. Request 26 has been limited by Cap Export to Electronically Stored Information relating to Zinus' communications with Jack Tung, Ping Huey, Hoon Teo, Rodney Low, Liao Shenglin, Liao Bo, and Agnes Tan from 2009 to January 15, 2016. Zinus shall produce such emails and documents.

10. Request 27 has been limited by Cap Export to Electronically Stored Information relating to Zinus' communications with any person using an email address on the domain woodyfurnituremfg.com or woodyfurnitureind.com from 2009 to January 15, 2016. Zinus shall produce such emails and documents.

11. Requests 28, 29, and 35 sought documents related to cease and desist letters, including responses by the recipients, and settlement agreements related to the 8,931,123 patent ("the '123 Patent") and any continuations. Upon Zinus' counsel's representation that all such documents and communications have been produced, the subject requests are resolved.

12. Requests 30 to 34 sought documents authored, collected, or received by the inventors relating to the subject matter of the '123 Patent, including notes, logs,

- 3 -

[PROPOSED] ORDER ON CAP EXPORT, LLC'S AND ABRAHAM AMOUYAL'S MOTION TO COMPEL ZINUS, INC. TO RESPOND TO INTERROGATORIES and 2ND SET OF DOCUMENT REQUESTS,

notebooks, and invention disclosures, design, research, development, engineering, conception, and actual or constructive reduction to practice.  Zinus' counsel represents that he contacted Zinus China and recently received engineering drawings that Zinus is ordered to produce.  ~~With respect to using contentions that documents exist in Zinus China and are not within the possession, custody, or control of Zinus California, the Court notes that Zinus California may not use the shield and sword strategy and Zinus will be subject to a preclusion motion, should it choose to utilize that strategy.~~  **Cap Export may pursue any appropriate relief (including a request for preclusion of evidence under Rule 37) should it demonstrate a violation of the Federal Rules of Civil Procedure or this Order.**  Counsel is ordered to produce documents and communications in response to Requests 30 to 34, to the extent such documents exist, limiting the date of production to before January 13, 2015.

13. Request 37 seeks prior art and state of the art.  Zinus shall produce all DOCUMENTS and COMMUNICATIONS that existed prior to September 25, 2013 and that disclose a "HEADBOARD BED FRAME", wherein HEADBOARD BED FRAME is defined as a headboard having a compartment, where at least one other bed part (for example, a footboard or legs) is contained in the compartment.

14. Request 38, the motion to compel same is withdrawn.

15. Request 39, the motion to compel same is withdrawn.

16. Request 40, the motion to compel same is withdrawn.

17. Request 41 seeks documents relating to the financial or economic valuation of the '123 Patent.  Zinus' counsel represents that no such documents exist.

18. Request 42 seeks documents to actual and projected sales of beds covered by the '123 Patent.  Zinus' counsel represents that it is only seeking damages for actual or projected sales of beds covered in Zinus' May 28, 2018 expert report, produced as Z13635-Z13671 on August 17, 2020, in response to Request 42.  Thus, additional document production will not be ordered.

- 4 -

**[PROPOSED] ORDER ON CAP EXPORT, LLC'S AND ABRAHAM AMOUYAL'S MOTION TO COMPEL ZINUS, INC. TO RESPOND TO INTERROGATORIES and 2ND SET OF DOCUMENT REQUESTS,**

19. Request 43, the motion to compel same is withdrawn.

20. Requests 46 and 47 relate to document retention policies, and Zinus' counsel has represented that no such documents existed prior to 2019, to the best of Zinus' counsel's knowledge, information and belief after a reasonable inquiry. Zinus' counsel has represented that he has recollection of sending a litigation hold letter with regard to *Cap Export v. Zinus*, which shall either be produced, or statement made that no such document could be found.

21. Request 48 seeks prior art searches, and Cap Export has agreed to limit same to prior art search results conducted before January 13, 2015, either by an outside company or patent prosecution counsel. Zinus shall produce all DOCUMENTS and COMMUNICATIONS that were discovered in a prior art search conducted before January 13, 2015, and that disclose a "HEADBOARD BED FRAME", wherein HEADBOARD BED FRAME is defined as a headboard having a compartment, where at least one other bed part (for example, a footboard or legs) is contained in the compartment. Zinus shall produce responsive documents. *Clevite Corp. v. Beckman Instruments, Inc.*, 257 F. Supp. 50, 52 (S.D. Cal. 1966) ("Plaintiff has not shown why the attorney-client privilege is applicable in this case to factual information collected by a patent searcher merely because the searcher utilized for this task is also alleged to have been an attorney.").

22. The documents shall be produced by November 23, 2020 in searchable PDF file format. No irrelevant hits of email searches or electronic documents will be produced.

23. Electronically stored information (ESI) that was stored on cell phones prior to January 15, 2016, shall be deemed not reasonably accessible to the extent that such ESI is recoverable only by accessing cell phones that existed prior to January 15, 2016. Fed. R. Civ. P. 26(b)(2)(B). **See Court's supplemental statement of decision declining request that Zinus search laptop computers.**

- 5 -

**[PROPOSED] ORDER ON CAP EXPORT, LLC'S AND ABRAHAM AMOUYAL'S MOTION TO COMPEL ZINUS, INC. TO RESPOND TO INTERROGATORIES and 2ND SET OF DOCUMENT REQUESTS,**

## II. Interrogatories

24. Interrogatory No. 1 has been limited to the last known cell phone number, email address, and home address of the following declarants: Peng DeFranco, Brad Song, Cindy Hunting, and Colin Lawrie. Zinus' counsel represent that Zinus does not have Suk Kan Oh's contact information within its possession, custody, or control and cannot provide same.

25. Interrogatory No. 2 has been limited to prior art searches conducted by Zinus' counsel for information disclosing HEADBOARD BED FRAMES (as defined above) and identification of the resulting information found. Zinus shall respond and describe any prior art searches for information disclosing HEADBOARD BED FRAMES conducted before January 13, 2015 and identify the information found. *Clevite Corp.*, 257 F. Supp. at 51-52 (compelling response to interrogatory seeking the identity of the patent searcher and list of discovered reference, rejecting attorney-client privilege and work product objections).

26. Interrogatory No. 4 seeks identification of non-email communications between Zinus and Woody and will be limited from 2009 to January 15, 2016. Zinus shall make a reasonable inquiry and present what that reasonable inquiry was and provide a response to the interrogatory.

27. Interrogatory No. 8 requests Zinus to identify all prior art (as defined above) known to Zinus for each of the claims of the '123 Patent. Zinus shall identify all patents, patent applications, printed publications (including installation instructions, catalogues, or websites), or on-sale activity or public use, or devices otherwise available to the public prior to September 25, 2013, and that disclose a "HEADBOARD BED FRAME", wherein HEADBOARD BED FRAME is defined as a headboard having a compartment, where at least one other bed part (for example, a footboard or legs) is contained in the compartment. The defined term HEADBOARD BED FRAME is a non-patent term and refers to an object (called a "Headboard Bed

- 6 -

[PROPOSED] ORDER ON CAP EXPORT, LLC'S AND ABRAHAM AMOUYAL'S MOTION TO COMPEL ZINUS, INC. TO RESPOND TO INTERROGATORIES and 2ND SET OF DOCUMENT REQUESTS,

1  Frame") using ordinary, every-day, non-patent language, separate and apart from what
2  any patent may or may not say.

3  28. Interrogatory No. 9 seeks identification of non-email communications
4  between Zinus and XXITC and will be limited from 2009 to January 15, 2016.  Zinus
5  shall make a reasonable inquiry and present what that reasonable inquiry was and
6  provide a response to the interrogatory.

7  29. Interrogatory No. 18 seeks the last known cell phone number, email
8  address, and home address for Cyndi Hunting and Brad Song.  Zinus shall provide all
9  of the requested contact information that is within its possession, custody, or control.

### III. Depositions

30.  ~~The Court cannot compel the deposition of Colin Lawrie because~~ Zinus' lawyers represent that Mr. Lawrie is a Canadian resident, they do not accept service of the subpoena on his behalf, and he will not voluntarily appear for his deposition.  To the extent that Mr. Lawrie serves as Zinus' expert, Cap Export may file a motion to strike his expert report for his refusal to appear for his deposition.

31. Zinus has previously agreed to produce Youn Jae Lee, Cyndi Hunting, and Derek Choi for their depositions, which shall occur prior to December 10, 2020.

**IT IS HEREBY ORDERED.**

/s/ Judge Wilner

DATED: November 3, 2020

Hon. Michael R. Wilner
United States Magistrate Judge

[PROPOSED] ORDER ON CAP EXPORT, LLC'S AND ABRAHAM AMOUYAL'S MOTION TO COMPEL ZINUS, INC. TO RESPOND TO INTERROGATORIES and 2ND SET OF DOCUMENT REQUESTS,